**James Michael PRASAD, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74493.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 21, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

James Michael Prasad, Florence, AZ, pro se.

Ronald E. LeFevre, Chief Counsel, San Francisco, CA, District Director, Phoenix, AZ, Linda S. Wendtland, Esq., John S. Hogan, Esq., Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

MEMORANDUM **

James Michael Prasad, a native and citizen of Fiji, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's ("IJ") determination that he was convicted of an aggravated felony and its denial of his request for withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo whether an offense is an aggravated felony, *Cazarez–Gutierrez v. Ashcroft*, 382 F.3d 905, 909 (9th Cir.2004), and review for substantial evidence the denial of an application for withholding of removal and relief under the CAT, *Hakeem v. INS*, 273 F.3d 812, 815 (9th Cir.2001). We dismiss in part and deny in part the petition for review.

The BIA correctly determined that Prasad's conviction for second degree burglary under Cal.Penal Code § 459 constituted an aggravated felony, because he pled guilty to a charge in his indictment that contained all of the elements of common law burglary and the term of imprisonment for the charge was at least one year. *See United States v. Velasco–Medina*, 305 F.3d 839, 850, 852 (9th Cir.2002).

Because the BIA did not predicate its denial of Prasad's request for withholding

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

of removal or relief under the CAT on Prasad's aggravated felony conviction, we have jurisdiction to review his petition. *See Unuakhaulu v. Gonzales*, 416 F.3d 931, 937 (9th Cir.2005) (where the BIA did not predicate its denial of withholding of removal on the alien's prior aggravated felony conviction, or on a discretionary decision, the 8 U.S.C. § 1252(a)(2)(C) jurisdictional bar did not apply).

 Even accepting Prasad's testimony as credible, a reasonable factfinder would not be compelled to find that he was persecuted on account of his Hindu faith. The events described by Prasad, including being present when a group of other Hindus were beaten on account of their religious beliefs, do not compel a finding of past persecution. *See Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir.1995) (finding no past persecution where the petitioner was arrested, detained for four to six hours and beaten, and opposing ethnic group threw stones at his house and attempted to steal property). Evidence of harm to a family member may support a finding of persecution or well-founded fear of persecution; however, Prasad has failed to establish how his cousin's persecution was connected to him. *See id.* at 340 (indicating that attacks on family members do not necessarily establish persecution absent a pattern of persecution tied to the petitioner). The record also does not compel a finding of a well-founded fear of future persecution. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000) (general claims of broad ethnic tension in Fiji insufficient to establish a well-founded fear of persecution).

 We cannot meaningfully review the BIA's denial of Prasad's CAT claim because it did not address Prasad's claimed due process challenges to the IJ's decision. *See Barroso v. Gonzales*, 429 F.3d 1195, 1208 (9th Cir.2005) (indicating that the BIA is not free to ignore arguments raised by a petitioner in his appellate brief). Accordingly, we remand the petition to the BIA to consider Prasad's challenges in the first instance. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION REVIEW DISMISSED in part; DENIED in part; REMANDED**